Filed 1/26/23  P. v. Gonzalez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079541 |
| v. | (Super.Ct.No. RIF130512) |
| JOSE LUIS GONZALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Dismissed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jose Luis Gonzalez appeals from the denial of his petition to vacate his attempted murder conviction.  (See Pen. Code, § 1172.6.)[1]  His appointed appellate counsel could

---

[1]     All further statutory citations are to the Penal Code.

The petition cited former section 1170.95.  (Enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.)  Fifteen days before it was filed, however, section

*[footnote continued on next page]*

not identify any arguable issue.  We gave him notice of that fact, and we gave him an opportunity to file a personal supplemental brief, but he has not done so.  Admittedly, under the Supreme Court's recent decision in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), our notice was "suboptimal."  (*Id*. at pp. 222, 232.)  Accordingly, out of an excess of caution, we have carried out an independent review of the record.  However, we, too, cannot identify any arguable issue.  Hence, we will dismiss.

I

STATEMENT OF FACTS

According to our opinion in petitioner's direct appeal, in 2006, petitioner and two friends confronted the victim and told him to leave a certain woman alone.  When the victim said he was going to call the police, petitioner shot him in the leg, said he was going to kill him, and then shot him in the neck.  (*People v. Gonzalez* (2008) 2008 Cal.App. Unpub. LEXIS 8825 at pp. *3-*4 [nonpub. opn.].)  Petitioner admitted shooting the victim but claimed that the first shot was self-defense and/or defense of others and the second shot was an accident.  (*Id*. at pp. *8, *10.)

II

STATEMENT OF THE CASE

In 2007, in a jury trial, petitioner was found guilty of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a)), with an enhancement

1170.95 was renumbered as section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

for causing great bodily injury by personally and intentionally discharging a firearm (§ 12022.53, subd. (d)); and assault with a firearm (§ 245, subd. (a)(2)), with a personal firearm use enhancement (§ 12022.5, subd. (a)) and a great bodily injury enhancement (§ 12022.7, subd. (a)).  He was sentenced to a total of 32 years to life.

In 2008, we affirmed the judgment with respect to the conviction but remanded for resentencing.  (*People v. Gonzalez*, *supra*, 2008 Cal.App. Unpub. LEXIS 8825 at p. *25.)  On remand, petitioner was resentenced to life with the possibility of parole plus 25 years to life.

In July 2022, petitioner filed a petition to vacate his attempted murder conviction under section 1172.6.  The trial court appointed counsel.

At a status conference, the prosecution moved to summarily deny the petition:

"[PROSECUTOR]:  . . . I sent [defense counsel] the opinion and instructions.  They are both in imaging.  The defendant testified at trial that he shot the victim in self-defense.  There's no instructions to the jury regarding aiding and abetting, natural and probable consequences, and felony murder.  He's statutorily ineligible. . . .

"[DEFENSE COUNSEL]:  Counsel is accurate.  I've confirmed everything.  I would submit."

The trial court ruled that petitioner was statutorily ineligible for relief, and it therefore summarily denied the petition.

3

III

DISCUSSION

Petitioner's appointed appellate counsel has filed a "no-issue" brief, purportedly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We offered petitioner an opportunity to file a personal supplemental brief, but he has not done so.

In an appeal from the denial of a section 1172.6 petition, *Wende* does not apply; we are not required to independently review the record in search of error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 226-231.) Rather, if the petitioner has declined to file a personal supplemental brief, the appeal should be dismissed as abandoned. (*Id*. at pp. 222, 232.)

Here, however, as in *Delgadillo* itself, the notice to petitioner was "suboptimal" in two respects — "it indicated that the *Wende* procedures would apply when they did not, and it did not inform [petitioner] that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.) Accordingly, also as in *Delgadillo*, we review the record independently. (*Id*. at p. 233.) We conclude that the trial court correctly found that petitioner was statutorily ineligible because he was not prosecuted on either a natural and probable consequences theory or a felony murder theory. (§§ 188, subd. (a)(3), 189, subd. (e), 1172.6, subd. (d)(3).) Therefore, any defect in our notice was harmless error.

Appellate counsel indicates that he considered two issues.

4

First, did the trial court err by finding that petitioner was not prosecuted on either a natural and probable consequences theory or a felony murder theory?  No, because both counsel stipulated, after a review of the record, that he was not.

Second, did appointed counsel render ineffective assistance by stipulating that petitioner was not prosecuted on either a natural and probable consequences theory or a felony murder theory?  No, because it appears from our prior opinion that he was the shooter.  There is no contrary indication in the record.  Hence, counsel's stipulation was not ineffective assistance, because (1) it did not fall below an objective standard of reasonableness (see *People v. Lewis* (2021) 11 Cal.5th 952, 968 [counsel may suggest that meritless petition be withdrawn]), and (2) it did not adversely affect the outcome of the proceeding.  (See generally *People v. Ng* (2022) 13 Cal.5th 448, 522.)

We have also considered a third issue:  Did the trial court err by denying the petition summarily, without requiring the prosecution to file a response and without allowing petitioner to file a reply?  (See § 1172.6, subd. (c).)  Not allowing the prosecution to file a response could not have prejudiced petitioner.  And, again, because it appears that petitioner was the shooter, not allowing him to file a reply likewise could not have prejudiced him.

We have found no other conceivable — much less arguable — issue.

5

IV

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.